IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH ANTONIO TAYLOR, | ) | No. C 13-1861 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| KAMALA D. HARRIS, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, Plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.    <u>Legal Claims</u>

7       Plaintiff names as Defendants the California Attorney General, the Warden of the prison,
8  and a Deputy District Attorney.  In essence, Plaintiff complains that his 1987 plea agreement
9  was breached because he did not realize that it could be used against him in a future conviction
10 to enhance any future sentence.

11      "'Federal law opens two main avenues to relief on complaints related to imprisonment: a
12 petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of
13 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of
14 confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v.*
15 *McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750
16 (2004)).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier
17 release'" from confinement.  *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting
18 *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).  "Where the prisoner's claim would not
19 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131
20 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82).  As a consequence, challenges to prison
21 conditions have traditionally been cognizable only via § 1983, while challenges implicating the
22 fact or duration of confinement must be brought through a habeas petition.  *Docken v. Chase*,
23 393 F.3d 1024, 1026 (9th Cir. 2004).

24      Here, Plaintiff is not challenging the conditions of his confinement.  He is attacking the
25 lawfulness of his confinement altogether.  Because Plaintiff's claim, if successful, could affect
26 the duration of his custody, and the determination of the claim could result in entitlement to an
27 earlier release, Plaintiff's claim must be brought in habeas.  *See Ramirez v. Galaza*, 334 F.3d
28 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or

Order of Dismissal
G:\PRO-SE\LHK\CR.13\Taylor861habftsc.wpd        2

1  "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

2  Accordingly, this action is DISMISSED without prejudice to Plaintiff's re-filing as a petition for

3  habeas corpus pursuant to 28 U.S.C. § 2254.

4      The Clerk shall terminate all pending motions and close the file.

5      IT IS SO ORDERED.

6  DATED: 7/13/13

                              LUCY H. KOH
                              United States District Judge